Jason A. James (SBN 265129)
E-mail: jjames@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363    Fax: 949.863.3350

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 2:26-cv-01085-WBS-JDP<br><br>**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:    Hon. William B. Shubb<br><br>Complaint Filed:  March 23, 2026 |

COMES NOW, defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), and in response to the Complaint filed by plaintiff NATASHA GIBSON ("Plaintiff"), admits, denies, alleges, and/or pleads as follows:

1.      Answering paragraph 1 of the Complaint, Prudential admits that Plaintiff sues to recover long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (the "plan"), but expressly denies that Plaintiff is entitled to any remedy or relief in this action. Prudential also admits that the Court has jurisdiction over the subject matter of this action pursuant to ERISA and 28 U.S.C. § 1331.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 1.

2.      Answering paragraph 2 of the Complaint, Prudential admits, for the purposes of this litigation and Plaintiff's current claim for LTD benefits only, that she has exhausted her

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4906-3761-9117 v2                                                1                    Case No. 2:26-cv-01085-WBS-JDP
                                                                                          PRUDENTIAL'S ANSWER TO COMPLAINT

administrative remedies under the plan.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 2.

3.      Answering paragraph 3 of the Complaint, Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes is "all relevant times."  Prudential admits that it is a New Jersey corporation, and that it is authorized to transact and does transact business in California.  Prudential also admits that it provides certain administrative services with respect to claims for LTD benefits under the plan.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 3.

4.      Answering paragraph 4 of the Complaint, Prudential admits only that venue may be laid in this judicial district.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 4.

5.      Answering paragraph 5 of the Complaint, Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes is "all relevant times."  Prudential admits, based upon information and belief, that Plaintiff was at certain times a resident and citizen of California, an employee of Splunk, Inc., and a participant in the plan.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 5.

6.      Answering paragraph 6 of the Complaint, Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes is "all relevant times."  Prudential admits that it insured certain LTD benefits under the plan pursuant to a group insurance contract, group contract number G-70364-CA, which it issued to Splunk, Inc.  Prudential expressly denies that the group contract was issued to eligible participants and beneficiaries of the plan.  Prudential admits that Plaintiff was at certain times a participant in the plan.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 6.

7.      Answering paragraph 7 of the Complaint, Prudential admits that the plan terms are set forth in written documents that speak for themselves and are the best evidence of the terms and conditions of the plan.  Prudential denies any allegations that are inconsistent with or misrepresent

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4906-3761-9117 v2

2

Case No. 2:26-cv-01085-WBS-JDP
PRUDENTIAL'S ANSWER TO COMPLAINT

the terms set forth in the plan documents.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 7.

8.    Answering paragraph 8 of the Complaint, Prudential admits that the plan terms are set forth in written documents that speak for themselves and are the best evidence of the terms and conditions of the plan.  Prudential denies any allegations that are inconsistent with or misrepresent the terms set forth in the plan documents.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 8.

9.    Answering paragraph 9 of the Complaint, Prudential admits that the plan terms are set forth in written documents that speak for themselves and are the best evidence of the terms and conditions of the plan.  Prudential denies any allegations that are inconsistent with or misrepresent the terms set forth in the plan documents.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 9.

10.    Answering paragraph 10 of the Complaint, Prudential admits that Plaintiff was at certain times employed by Splunk, Inc. as an HR Recruiting Coordinator.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 10.

11.    Answering paragraph 11 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 11.

12.    Answering paragraph 12 of the Complaint, Prudential admits that it denied Plaintiff's LTD claim by letter dated October 24, 2024.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 12.

13.    Answering paragraph 13 of the Complaint, Prudential admits that it reiterated the denial of Plaintiff's LTD claim by letter dated December 6, 2024.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 13.

14.    Answering paragraph 14 of the Complaint, Prudential admits that Plaintiff, through counsel, appealed the claim decision on March 11, 2025.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4906-3761-9117 v2

3

Case No. 2:26-cv-01085-WBS-JDP
PRUDENTIAL'S ANSWER TO COMPLAINT

paragraph 14.

15.    Answering paragraph 15 of the Complaint, Prudential admits that it upheld the claim decision by letter dated July 23, 2025.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 15.

16.    Answering paragraph 16 of the Complaint, Prudential admits that Plaintiff, through counsel, appealed the claim decision again on December 30, 2025.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 16.

17.    Answering paragraph 17 of the Complaint, Prudential admits that it upheld the claim decision by letter dated January 26, 2026.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 17.

18.    Answering paragraph 18 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 18.

19.    Answering paragraph 19 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 19.

20.    Answering paragraph 20 of the Complaint, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 20.

21.    Answering paragraph 21 of the Complaint, Prudential admits that a controversy exists as to whether Plaintiff is disabled within the meaning of the plan and whether she is entitled to any benefits under the plan and that she is seeking a declaration and remand, but denies that she is entitled to any relief.  Except as otherwise expressly admitted or alleged, Prudential denies generally and specifically, each, every, and all of the allegations in paragraph 21.

## **RESPONSE TO PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief, and paragraphs 1 through 4 thereunder, Prudential denies that Plaintiff has been damaged in the amount alleged, in any amount, or at all, and further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Any allegations contained in Plaintiff's Complaint that have not been specifically admitted above are denied.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Orange County

4906-3761-9117 v2

4

Case No. 2:26-cv-01085-WBS-JDP
PRUDENTIAL'S ANSWER TO COMPLAINT

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct defenses to Plaintiff's Complaint, Prudential alleges and avers as follows:

## FIRST DEFENSE

### (Failure to State a Claim)

1.     Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Administrative Record)

2.     The Court's review should be limited to the examination of the administrative record created during the processing of Plaintiff's claim under the plan.  Plaintiff is limited to the evidence and arguments presented during the administrative process.

## THIRD DEFENSE

### (Any Benefits Awarded as Subject to Applicable Offsets)

3.     Any benefits due under the plan are subject to offset, integration, or other deductions or adjustments in accordance with the plan terms.

## FOURTH DEFENSE

### (Plaintiff is Not Entitled to Prospective Benefits)

4.     There is no vesting of benefits under the plan, and thus, Plaintiff may not recover benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

## FIFTH DEFENSE

### (Plan Terms Bar Plaintiff's Claim)

5.     Plaintiff's claims are barred by the terms of the plan.

## SIXTH DEFENSE

### (Reservation of Right to Assert Additional Affirmative Defenses)

6.     Prudential presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses.  Prudential reserves

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4906-3761-9117 v2                                   5                    Case No. 2:26-cv-01085-WBS-JDP
                                                                          PRUDENTIAL'S ANSWER TO COMPLAINT

the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

### **PRAYER**

WHEREFORE, Prudential prays for a judgment in its favor and against Plaintiff as follows:

1.    That Plaintiff take nothing by her Complaint in this action;

2.    That the Complaint be dismissed with prejudice;

3.    For judgment against Plaintiff and in favor of Prudential;

4.    That Prudential recover its costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

5.    For such other and further relief as the Court deems just and proper.


Dated:  May 26, 2026                                    BURKE, WILLIAMS & SORENSEN, LLP



By:        */s/ Jason A. James*
           Jason A. James
           Attorneys for Attorneys for Defendant
           THE PRUDENTIAL INSURANCE
           COMPANY OF AMERICA

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4906-3761-9117 v2                          6              Case No. 2:26-cv-01085-WBS-JDP
                                                          PRUDENTIAL'S ANSWER TO COMPLAINT